**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7784**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

   v.

KENNETH B. TRENT,

     Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:09-cr-00293-REP-RCY-1)

Submitted:  August 26, 2020        Decided:  September 8, 2020

Before HARRIS and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, Robert J. Wagner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Peter S. Duffey, Assistant United States Attorney, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth B. Trent appeals from the district court's order denying his motion for a sentence reduction filed under Section 404 of the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194. On appeal, Trent asserts that the district court improperly found him ineligible for a sentence reduction under the FSA and that the district court abused its discretion by failing to account for certain considerations in Trent's criminal history. We affirm.

Trent first argues that the district court erred by finding that he was not eligible for a sentence reduction pursuant to the FSA because his Sentencing Guidelines range was not affected by the FSA. However, the district court correctly found that "the statutory threshold for eligibility for sentence reduction . . . is whether the defendant violated a federal criminal statute before August 3, 2010, the statutory penalties for which were modified by Section 203 of the Fair Sentencing Act of 2010." (J.A. 93). Thus, the court understood that the reduction of the applicable Guidelines range was irrelevant to the determination of eligibility. *See United States v. Jones*, 962 F.3d 1290, 1304-05 (11th Cir. 2020).

The court proceeded to note that the FSA did not alter Trent's Guidelines penalties, given his career offender status, and that, even if it did, a modification was not appropriate. While Trent interprets this reasoning to erroneously hold that Trent would not be eligible for reduction consideration if the FSA did not lower his Guidelines range, the district court did not explicitly make this conclusion. Instead, the district court ruled that, although Trent was technically eligible for a FSA reduction in sentence, the fact that his Guidelines range

2

was unchanged was a reason to deny such a reduction. Indeed, if the court had believed that it lacked the power to adjust Trent's sentence because his Guidelines range was still the same, it could have stopped after calculating the range; instead, it considered Trent's arguments in favor of a sentence reduction in depth. Moreover, the fact that the Guidelines range was not affected by the FSA, while irrelevant to eligibility, was an appropriate consideration in evaluating Trent's motion. *See United State v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020) (holding that, when considering an FSA motion for a reduction in sentence, court must recalculate Guidelines range). Thus, the district court did not err in determining Trent's eligibility.

A decision whether to grant relief under the FSA is reviewed for abuse of discretion. *See United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020). Trent asserts that the district court erred in considering his criminal history in various ways.

While the court did not go into great detail about each of Trent's prior convictions, the court reasonably concluded that Trent's criminal history was "extremely serious" and "violent," that he had been leniently treated in the past, and that he made no corrections to his behavior. An in-depth review of Trent's history was not necessary given that the nature of his background was clearly evident and none of the district court's statements were in error. In any event, the district court offered no reason to believe that a more in-depth review of Trent's criminal behavior would have resulted in a shorter sentence.

As such, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*